■ DIANE GIBB, Appellant, v JAMES D. GIBB et al., Respondents. [707 NYS2d 106] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated October 15, 1998, as granted that branch of the motion of the defendants James D. Gibb and Brian Gibb which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them on the ground that it is barred by the Statute of Frauds, and (2) a judgment of the same court, entered November 30, 1998, which dismissed the complaint against the defendants James D. Gibb and Brian Gibb.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, that branch of the motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint is denied, the order dated October 15, 1998, is amended accordingly, and the complaint insofar as asserted against the respondents is reinstated.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Pursuant to General Obligations Law § 5-701 (a) (9), a contract to assign a life, health, or accident insurance policy, or a promise "to name a beneficiary of any such policy" is void unless it is in writing and subscribed by the party to be charged. Contrary to the respondents' contention, their alleged agreement to pay health care premiums on behalf of the plaintiff is not within the intended scope of General Obligations Law § 5-701 (a) (9). Accordingly, the Supreme Court erred in granting that branch of their motion which was to dismiss the complaint insofar as asserted against them on the ground that it is barred by the Statute of Frauds. Thompson, J. P., S. Miller, Krausman, Florio and Schmidt, JJ., concur.